IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER COTY MAIER,**

    **Plaintiff,**

    v.                                               CASE NO. 17-3085-SAC-DJW

**UNITED STATE OF AMERICA,**
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Christopher Coty Maier brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Douglas County Jail in Lawrence, Kansas. Plaintiff filed his Complaint (Doc. 1) on May 15, 2017. In the Complaint, Plaintiff names "Zion" as the Plaintiff and refers to himself as "The King." Plaintiff filed a Motion for Leave to appear in forma pauperis (Doc. 2). The Court will provisionally grant the motion to appear in forma pauperis for purposes of screening Plaintiff's Amended Complaint (Doc. 5), filed on May 30, 2017.

**I. Nature of the Matter before the Court**

The Court previously ordered (Doc. 3) Plaintiff to sign his Complaint at Doc. 1 with his legal name by June 5, 2017. *See* D. Kan. Rule 5.1(b) ("The original of every pleading, motion, or other paper filed by a party not represented by an attorney must bear the ***genuine*** signature of the pro se party.") (Emphasis added). Plaintiff filed a response (Doc. 4), explaining that:

> I will not have my "Hebrew Name" written on record of a "De-Facto" court based on the maxim: Roy Nest Lie Per Ascon Statute Expressment No Scene: Which translates to the King can not be held by any statue unless expressly named. So I put my Title as the Individual representing the Plaintiff Zion.

(Doc. 4, at 1.)

Plaintiff filed an Amended Complaint (Doc. 5), again naming the Plaintiff as "Zion" and naming the following defendants: United States Inc.; State of Kansas; Douglas County; Douglas County District Court; and Douglas County Correctional Facility.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

Plaintiff's Amended Complaint is frivolous, fails to state a claim, and names improper defendants. Plaintiff's Complaint is submitted by Maier, who asserts rights on behalf of an otherwise unidentified group called Zion. Although Plaintiff may represent himself, he cannot represent another non-lawyer or entity. Even liberally construing the Amended Complaint (which is not on a Court-approved form and much of which is incomprehensible), the Court finds no meritorious claims. The treason claim in Count I is frivolous. The criminal deprivation of property/theft of services claim in Count II baldly alleges that legal documents were "stolen" in his state court actions because they were sent to be ecf-filed and do not show on the dockets of those cases. Plaintiff's claim in Count III—"Sedition by Corporate Deception Against We The People"—is frivolous and largely incomprehensible. Count IV claims "Perjury to Uphold Oath of Office and American Constitution" and appears to allege that the Douglas County Correctional Facility is not upholding the First Amendment. A facility is not a proper defendant in a § 1983 action. The Amended Complaint also refers to the Bureau of Prisons, although Plaintiff is not in federal custody. Plaintiff also makes bald allegations that staff are steaming open his mail and then gluing it back shut, and "the FBI has over 50 reports made on such occurrences." Count V—"International Law of the Flag Breach of Contract"—is frivolous and largely incomprehensible. The "trademark/copyright/failure to pay/obstruction of legal process" claim in Count VI includes bare arguments that border on malicious.

Plaintiff has failed to sign the Amended Complaint with his legal name, as previously ordered by the Court. Plaintiff's Amended Complaint is largely incomprehensible and fails to

4

state a claim. The Court finds that Plaintiff's Amended Complaint must be dismissed because Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

**IT IS THEREFORE BY THE COURT ORDERED** that Plaintiff's Amended Complaint is **dismissed**.

**IT IS SO ORDERED.**

Dated this 14th day of June, 2017, in Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U. S. Senior District Judge**